## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JONATHAN TURNER, ) | |
| ) | |
| Plaintiff, ) | Case No. 6:14-cv-00485-RAW |
| ) | |
| vs. ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| TRANSWORLD SYSTEMS, INC., ) | **JURY TRIAL** |
| ) | |
| Defendant. ) | **(Unlawful Debt Collection Practices)** |

Jonathan Turner ("Plaintiff"), alleges the following against Transworld Systems, Inc. ("Defendant"):

### INTRODUCTORY STATEMENT

1. Plaintiff's complaint is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

### PARTIES

4. Plaintiff is a natural person who at all relevant times resided in the State of Oklahoma, County of Muskogee, and City of Muskogee.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely personal dental services rendered by My Dentist, Inc. in Muskogee (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. In 2012, Plaintiff visited My Dentist, Inc. in response to an advertisement for a free appointment and examination for new patients.

12. At the appointment, Plaintiff elected to receive certain services, for which he paid $232.00 to the dentist.

13. Subsequently, the dentist attempted to charge Plaintiff a $101.00 "new patient 1st visit" fee.

14. Plaintiff disputed and refused to pay the fee due to the dentist's representation that the visit would be free of charge.

15. After speaking with the dentist office, Plaintiff was told a mistake was made and that he should not have been charged the $101.00 charge.

16. Subsequently, Defendant attempted to collect the Debt in the amount of $101.00 from Plaintiff, including through a series of letters in or around October and November 2013.

17. After receiving the initial letter, Plaintiff called Defendant to dispute the Debt.

18. Upon information and belief, the employee of Defendant with whom Plaintiff spoke worked in a call center outsourced overseas.

19. Plaintiff explained his dispute to Defendant during the phone call.

20. After the call, Defendant continued to attempt to collect the debt though letters and phone calls.

21. After receipt of additional letters, Plaintiff called Defendant and again disputed the Debt—this time speaking with someone Plaintiff believed to be an officer or manager with Defendant.

22. After this additional dispute, Defendant continued to attempt to collect the Debt from Plaintiff.

23. Defendant sent Plaintiff a letter dated November 28, 2013, which continued to assert a "balance due" of $101.00.

24. A true and accurate copy of Defendant's November 28, 2013 letter to Plaintiff is attached to this complaint as Exhibit A.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)

25. Plaintiff repeats and re-alleges each and every factual allegation above.

26. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

27. Plaintiff repeats and re-alleges each and every factual allegation above.

28. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## JURY DEMAND

29. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 7, 2014

        Respectfully submitted,

        <u>s/ Russell S. Thompson IV</u>
        Russell S. Thompson IV
        Thompson Consumer Law Group, PLLC
        5235 E. Southern Ave. D106-618
        Mesa, AZ 85206
        Telephone: (602) 388-8898
        Facsimile: (866) 317-2674
        Email: rthompson@consumerlawinfo.com

        <u>s/ Joseph Panvini</u>
        Joseph Panvini
        Thompson Consumer Law Group, PLLC
        5235 E. Southern Ave. D106-618
        Mesa, AZ 85206
        Telephone: (602) 388-8875
        Facsimile: (866) 317-2674
        Email: jpanvini@consumerlawinfo.com

        Attorneys for Plaintiff